## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY RHODES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-0399** |
| **WARDEN, BURL CAIN** | **SECTION: "C" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the petition filed as well as the unopposed motion to amend and stay/ abate federal proceedings, **IT IS RECOMMENDED** that the petition to amend be **GRANTED** and that these proceedings be **STAYED**.

## BACKGROUND[1]

Petitioner, Troy Rhodes is a state prisoner incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana. He was convicted in the Criminal District Court for the Parish of Orleans of 1 count of armed robbery and 1 count of attempted second degree murder, violations of LSA-R.S. 14:64 and 14:(27)30.1, respectively. Petitioner was sentenced to ninety-nine (99) years for the armed robbery and to a term of fifty (50) years for the attempted second degree murder, both sentences without benefit of parole, probation or suspension of sentence and to be served consecutively to each other. Rhodes' conviction was affirmed by the Louisiana Fourth Circuit on April 14, 2004[2] and the Louisiana Supreme Court denied supervisory writs on October 15, 2004[3]. Post-conviction remedies were also pursued in the state courts, with the latest post-conviction petition still pending before the Louisiana Supreme Court, according to petitioner. A staff member of the undersigned Magistrate Judge contacted the Clerk, Louisiana Supreme Court, and was informed that Writ

---

[1] The court is not in possession of Rhodes' state court record since the State did not have to file a response in light of the lack of objection to a stay. The Background facts are taken from the documents submitted by petitioner with his federal petition.

[2] The Fourth Circuit affirmed the conviction but remanded the case to the trial court for a ruling to be made on petitioner's outstanding Motion to Reconsider Sentence.

[3] *State v. Rhodes*, 883 So.2d 1042 (La. 2004).

No. 2011-KH-299 was filed by Troy Rhodes on February 14, 2011 and has yet to be ruled on.

Rhodes filed his federal application in this court on February 16, 2011, though he signed the petition on January 25, 2011, asserting the following claims: 1) Brady violation and Prosecutorial Misconduct; and 2) Trial counsel provided ineffective assistance of counsel when she failed to utilize material for impeachment purposes, and, failed to object to Mr. Bassam Abed's testimony.[4]  On March 9, 2011, Rhodes filed a "Motion to Amend or Supplement §2254 petition and Hold the Petition in Abeyance to Exhaust State Remedies" (Rec. Doc. 7) with this court. Based upon this motion, petitioner is asserting that a stay is required so as to enable the state courts to complete their review of his claims and/or to exhaust the additional issue of whether an unrecorded *ex parte* bench conference between the trial judge and the jury foreperson denied petitioner the constitutional and statutory right to meaningful appellate review.

The Respondent, through the Assistant District Attorney assigned to this case, Andrew Pickett, was notified by the court to respond to Rhodes' "Motion to Amend or Supplement §2254 petition and Hold the Petition in Abeyance to Exhaust State Remedies." Instead of filing a written response, A.D.A. Pickett contacted the court via telephone and indicated that there was no objection to the motion.

---

[4] See Rec. Doc. 1-1, page 19 of 36.

Exhaustion

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner wishes to amend his federal petition and then pursue the additional unexhausted claim in the state courts. Petitioner's federal application is a "mixed petition" containing both exhausted and unexhausted claims. Such mixed petitions should normally be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). When such a petition is filed, the district court generally should not dismiss the mixed petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted." *See Rhines v. Weber*, 544 U.S. 269 (2005). Additionally, the State does not oppose the motion.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner be allowed to amend his federal petition and that these proceedings be **STAYED. T**he Clerk of Court shall mark this action **as CLOSED** for statistical purposes.

**IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after the Louisiana Supreme Court issues its ruling on his pending writ application.[5]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[6]

New Orleans, Louisiana, this \_\_\_\_\_9th\_\_\_ day of June, 2011.

                                                 **LOUIS MOORE, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[5]Since no state record is currently presented for review, the court makes no ruling on whether Rhodes' petition is timely filed in this court. Accordingly, the granting of the motion for stay does not bar the State from raising any defense which it may have as of the date of the filing of this federal petition.

[6]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.