**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TROY RHODES**                    **CIVIL ACTION NO.: 11-0399**


**VERSUS**                         **SECTION: C(2)**


**BURL CAIN, WARDER**              **JUDGE HELEN G. BERRIGAN**

**ORDER AND REASONS**

On July 1, 2013, petitioner Troy Rhodes filed a motion to amend his petition for writ of habeas corpus. Rec. Doc. 29. Rhodes' motion addresses his claim of ineffective assistance of trial counsel for trial counsel not making use of medical records to impeach key identification evidence. *Id.* Rhodes argues this claim should not be denied as procedurally defaulted because his appellate counsel provided ineffective assistance by failing to obtain his complete case file in a timely manner. *Id.* at 2. He cites to recent case law in *Martinez v. Ryan,* 32 S.Ct. 1309, 182 L.Ed.2d 272, 80 USLW 4216 (2012), and *Trevino v. Thaler,* 133 S.Ct. 1911, 81 USLW 4336 (May 28, 2013), to argue that this alleged ineffective assistance of counsel in his first collateral proceeding is sufficient to show the necessary cause and prejudice that would exempt his claim of ineffective assistance of trial counsel from being procedurally defaulted. *Id.* at 2.

The Court begins its analysis of Rhodes' current motion by noting that Rhodes is currently not represented by counsel. *Id.* at 6. To that point, it is apparent from the exhibits

1

attached to Rhodes' original petition that Rhodes has been unrepresented by counsel since he filed the supplemental claim in his state court collateral proceeding that first raised the medical record issue. *See* Rec. Doc. 1-5 at 26-36 (Exh. W), 39-51 (Exh. Y), 55-66 (Exh. AA); *See also* Rec. Doc. 1; *See also* Rec. Doc. 15 (Rhodes' first-amended petition). Courts liberally construe the arguments of *pro se* litigants. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 465 (5th Cir. 2010) (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996)).

Next the Court looks to Rhodes' motion to amend. The Supreme Court made explicit in *Mayle v. Felix* that Federal Rule of Civil Procedure 15 applies, with certain limitations, to petitions that are brought under 28 U.S.C. §2254. 545 U.S. 644, 654-55, 650, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). The Fifth Circuit has held that "it is well settled that Rule 15 applies to federal habeas proceedings." *U.S. v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (citing *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002)). The *Gonzalez* court addressed a habeas petition brought under §2255, whereas the petition under review in *Mayle*, like the petition of Rhodes, was brought under §2254. *Id.* At 677. Given the *Gonzalez* court's holding that it was "guided by the Supreme Court's decision in *Mayle*," the Court moves forward with the presumption that *Gonzalez* and *Mayle* apply indistinguishably to petitions brought under either §2254 or §2255. *See Gonzalez,* 592 F.3d at 679.

"'An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading . . . .'" *Id.* (quoting

Fed.R.Civ.P. 15(c)(1)(B)). Amendments to petitions for writ of habeas corpus, however, "do not relate back if they assert a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (citing *Mayle*, 545 U.S. 644, 650) (internal quotations omitted). "New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *Id.* at 680. In *Gonzalez*, the habeas petitioner had originally claimed that his attorney committed errors during the sentencing phase of his trial and that the attorney coerced him into proceeding with a trial despite overwhelming evidence. *Id.* The petitioner in *Gonzalez* then sought to amend his petition to include a claim of ineffective assistance based on his attorney's failure to appeal. *Id.* The Court looked at whether the new ground for relief was supported by facts that differed "in both time and type" from the original pleading. *Id.* The *Gonzalez* court held that the new claim was entirely distinct from the other ineffective assistance claims and therefore was time-barred because it could not relate back. *Id.*

Rhodes' amended petition for the first time alleges that his appellate counsel was ineffective, however, the underlying ineffective assistance claim is the same–his counsel failed to make use of available medical records that could impeach the identification evidence relied upon by the State at trial. Rec. Doc. 1-1 at 33-35; Rec. Doc. 29. It is reasonable to view Rhodes' *pro se* motion to amend as an attempt to restate, not reinvent, his cause and prejudice argument made previously–that his medical record claim was late because, despite his best efforts, he was unable to obtain his case file until July 6, 2009. Rec. Doc. 1-1 at 10, 33-35; Rec. Doc. 22 at 6-8.

3

Rhodes is primarily drawing the Court's attention to recent Supreme Court precedent and how it applies to the facts of his case rather than stating a claim that differs in time or type from his original petition. The petitioner is making a claim based on facts that are the same in both time and type as those set forth in the original pleadings. Without addressing the underlying merits of his amended claim, the Court finds that the petitioner's proposed amendment is allowable under Rule 15 and guiding case law.

Accordingly,

IT IS ORDERED that the motion to amend is GRANTED. Rec. Doc. 29.

IT IS FURTHER ORDERED that the Report and Recommendations issued on March 27, 2013, is VACATED. Rec. Doc. 27.

IT IS FURTHER ORDERED that the above captioned case is REFERRED back to the Magistrate Judge to issue a report and recommendation that includes petitioner's substantive claims in the motion to amend. Rec. Doc. 29.

New Orleans, Louisiana, this July 22nd, 2013.

**HELEN G. BERRIGAN**
**U.S. DISTRICT JUDGE**