UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY RHODES                                    CIVIL ACTION

VERSUS                                         NO: 11-399

N. BURL CAIN                                   SECTION: "H"

## ORDER AND REASONS

Before the Court are Respondent's Motion to Stay (Doc. 96) and Petitioner's Motion for Release (Doc. 99). For the following reasons, the Motion to Stay is GRANTED IN PART and the Motion for Release is GRANTED.

## BACKGROUND

The factual and procedural history of this case is presented in this Court's prior orders and need not be repeated in full here.[1] Judge Berrigan determined that Petitioner received ineffective assistance of counsel during his trial for attempted murder and armed robbery, violating Petitioner's Sixth Amendment rights.[2] On March 8, 2018, this Court found that Petitioner's

---

[1] *See* Doc. 93.
[2] *See* Doc. 39 at 37.

1

procedural default of that claim was excused by the ineffective assistance of Petitioner's post-conviction counsel.[3] This Court ordered that the State vacate Petitioner's conviction and either release or retry Petitioner by July 6, 2018.[4] Respondent filed a timely notice of appeal on March 15, 2018.[5]

Respondent now moves to stay the March 8, 2018 order requiring the State to vacate Petitioner's conviction and either release or retry him.[6] Petitioner opposes Respondent's Motion to Stay and further moves to be released pending appeal.[7]

## **LAW AND ANALYSIS**

Federal Rule of Appellate Procedure 23(c) states that, "While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance . . . ."[8] The rule creates a presumption of release in cases where the state has been ordered to retry or release the petitioner.[9] That presumption may be overcome by a court applying the general standards for staying a civil judgment, that is,

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

---

[3] Doc. 93.
[4] Doc. 93.
[5] Doc. 95.
[6] Doc. 96.
[7] Doc. 99.
[8] FED. R. APP. P. 23(c).
[9] *See* Hilton v. Braunskill, 481 U.S. 770, 772–74 (1987).

2

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[10]

Additionally, courts should consider the risk of flight, the state's interest in continuing custody and rehabilitation, and the prisoner's "always substantial" interest in release.[11] A court may consider the danger posed to the public by release if the State establishes that such a risk exists.[12] Finally, the State's prospects on appeal may be critical.[13] "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release."[14] Although the Supreme Court addressed stay and release as alternatives, lower federal courts have balanced competing interests of states and prisoners by staying habeas judgments pending appeal and ordering that prisoners be conditionally released at the same time.[15]

Here, regardless of the State's likelihood of success on appeal or retrial, the second and fourth factors do not "militate against release." With regard to the second factor, Respondent argues that the State will suffer irreparable harm in two ways: setting aside Petitioner's conviction may be irreversible and it would be a waste of resources to prepare for a new trial while also appealing this Court's ruling.[16] Both concerns would be entirely alleviated by staying the judgment and neither concern would be impacted by Petitioner's conditional release pending appeal.

---

[10] *Id.* at 776–77; *see also* Floyd v. Vannoy, No. 11-2819, 2017 WL 2688082, at *2 (E.D. La. June 22, 2017).
[11] *Hilton*, 481 U.S. at 777.
[12] *Id.*
[13] *Id.* at 778.
[14] *Id.*
[15] *See Floyd*, 2017 WL 2688082, at *3 (collecting cases).
[16] *See* Doc. 96-1 at 8–9.

3

With regard to the fourth factor, Respondent argues that the public interest is best served by the continued imprisonment of a man convicted of armed robbery and attempted murder and effectively sentenced to life in prison. However, Respondent makes no specific showing, other than the conviction, that Petitioner poses a danger to the public or is likely to flee. Petitioner, on the other hand, presents a detailed plan for a supported reentry into society, including transitional housing and counseling, arrangements for employment, and a bond secured by a mortgage on Petitioner's wife's home. Additionally, while imprisoned at Louisiana State Penitentiary, Petitioner earned a bachelor's degree and obtained a position of trust with the prison. Petitioner's actions while imprisoned and plan for release mitigate the threat of escape or recidivism. Furthermore, "[t]he public has a strong interest in the release of a prisoner that a court has found to be incarcerated in violation of the Constitution."[17]

Because the second and fourth factors do not weigh in favor of continued custody, Respondent would not be able to overcome the presumption of release even with a high likelihood of success on appeal or retrial.[18] The State's interest in the conservation of resources, however, is significant. That interest can be protected by a limited stay without impairing Petitioner's release. Accordingly, Respondent's Motion to Stay is granted in part and Petitioner's Motion for Release is granted.

## **CONCLUSION**

For the foregoing reasons;

---

[17] *Floyd*, 2017 WL 2688082, at *3.
[18] *See Hilton*, 481 U.S. at 778.

4

**IT IS ORDERED** that Respondent's Motion to Stay is GRANTED IN PART and Petitioner's Motion for Release is GRANTED.

**IT IS FURTHER ORDERED** that the portions of this Court's order requiring the State to set aside Petitioner's conviction and sentence and to retry Petitioner within 120 days are STAYED pending appeal.

**IT IS FURTHER ORDERED** that Petitioner be released pending appeal by 9:00 a.m. on May 31, 2018 with the following conditions, and any other conditions that the Court may impose in the future: Petitioner's appearance shall be secured by a $50,000 property bond on the house at 4723 Hickerson Drive; Petitioner shall remain within the State of Louisiana absent permission from the Court to leave; Petitioner shall reside at transitional housing provided by the First 72+ at 2917 Perdido Street in New Orleans, Louisiana; Petitioner shall not be absent from that property for any period of time greater than 12 hours at a time; Petitioner shall submit to location monitoring by the Probation Office and follow all procedures associated with that monitoring, unless otherwise recommended by the Probation Office; Petitioner shall not possess a firearm, destructive device, or other weapon; immediately upon his release, Petitioner shall meet jointly with the Court, the Probation Office, and First 72+ to discuss conditions of release; Petitioner shall report to the Probation Office in person in the district to which he is released or subsequently transferred at least once per week during business hours; and Petitioner shall cooperate with and truthfully answer all inquiries by the Probation Office.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. § 3603(10), the United States Probation Office for the Eastern District of Louisiana is authorized to supervise Petitioner.

New Orleans, Louisiana this 30th day of May, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**